UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD M. KERGER, ET AL., | ) | CASE NO.3:15CV2376 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant United States of America's Motion to Dismiss (ECF # 13). For the following reasons, the Court grants Defendant's Motion.

According to their Complaint, husband and wife Richard and Jessica Kerger purchased a home at 1972 Potomac Drive, Toledo, Ohio in 1993. Defendant United States through the Internal Revenue Service ("IRS") has attempted to collect on back taxes owed that were discharged in bankruptcy on September 23, 2010. The IRS sent notice to Plaintiffs informing them their taxes were not subject to the bankruptcy discharge and instituted levying actions on assests of the Kergers sporadically.

Sometime in 2014 the Kergers had to sell the home due to mold. Through their attorney, they contacted the IRS for an accounting of all the liabilities and liens on the property. They were informed that they owed no money for the years in question, that many of the liens were beginning to drop off and those remaining would drop off. When the Kergers' attorney contacted an IRS appellate officer, that officer confirmed there

were no tax liabilities for the years in question.  The Kergers sold their home at auction, obtaining approximately $34,000 more than they paid for the property.  On September 10, 2015, Jessica Kerger received certified mailings from the IRS indicating the back taxes were still owed on the property despite what they had previously been told.  When they inquired further, the IRS represented that when the bankruptcy was filed, the IRS zeroed out Plaintiffs' joint liability making the Kergers individually liable for the debt instead.

Plaintiffs ask for Declaratory Judgment that they owe no back taxes to the IRS or move alternatively to equitably estop Defendant from collecting on the alleged liabilities.  Plaintiffs further request injunctive relief.

Defendant United States of America seeks dismissal of Plaintiffs' Declaratory Judgment claim, contending that the Court lacks subject matter jurisdiction over the claim and the Court cannot grant Injunctive Relief against the Government under the Anti-Injunction Act.  Plaintiffs subsequently withdrew their claim for injunctive relief and the Court will proceed solely on Plaintiffs' claim for Declaratory Relief.

According to Defendant, Plaintiffs' claim for Declaratory Judgment is barred by the Declaratory Judgment Act which prohibits suits for Declaratory Judgment with respect to federal taxes.   Defendant acknowledges that a claim seeking a determination whether a tax debt was discharged may not be barred by the DJA however, Plaintiffs' Complaint does not seek such a determination.  At paragraph 3 of the Complaint, Plaintiffs allege "there is no issue as to the discharge raised in this Complaint" and on that basis asks the Court "to retain jurisdiction and not refer this case to the Bankruptcy

Court." Defendant contends there is a dispute over whether some of Plaintiffs' tax liabilities were discharged in bankruptcy but because Plaintiffs have chosen not to proceed on the discharge claim their Declaratory Judgment claim must be dismissed per the DJA.

In the alternative, Defendant moves under Fed. R. Civ. P. 12(b)(6) for dismissal for failure to state a claim. According to Defendant, Plaintiffs' Complaint utterly fails to assert sufficient facts to render their claims plausible under the Federal Rules of Civil Procedure. The Complaint fails to allege the nature of the alleged tax liabilities at issue, the dates they were incurred, the amounts at issue, whether Plaintiffs filed returns, the dates of the returns or any other information on the alleged tax liabilities.

In their Opposition, Plaintiffs clarify that while the language of paragraph 3 of the Complaint "confused matters" they are in fact seeking a determination that their tax liabilities were discharged in the Chapter 7 bankruptcy. Therefore, the DJA tax exception does not apply as discharge determinations are within the Court's subject matter jurisdiction.

Plaintiffs further contend they did not need to specify the particular tax debts at issue because they are moving for a determination that the bankruptcy discharge did in fact dismiss all tax obligations.

## **LAW AND ANALYSIS**

**Standard of Review**

>Fed. R. Civ. P. 12(b)(1) states in pertinent part:
>
>Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction...

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), citing *Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters* at 752. Defendants' Motion presents an attack on the sufficiency of the allegations and is therefore, a facial attack.

Plaintiffs' Complaint seeks a determination by the Court on Plaintiffs' federal tax liabilities and the Court agrees with Defendant that the DJA prohibits just such a determination. The DJA applies to actual controversies " except with respect to Federal taxes..." 28 U.S.C. § 2201(a). The courts within this jurisdiction that have considered this section have held "this exemption for disputes relating to federal taxes "acts to deprive district

courts of jurisdiction where § 2201 otherwise would apply, the only exception being those cases in which suit is brought by a party other than the taxpayer whose taxes lie at the heart of the controversy." *Hart v. United States,* 291 F. Supp. 2d 635, 643 (N.D. Ohio 2003), *citing Hill v. I.R.S.,* 991 F.2d 795, 1993 WL 94001 at *1 (6th Cir.1993).  Plaintiffs' Complaint expressly requests "declaratory judgment that the Kergers do not owe any amounts for back taxes." (Complaint at pg. 11).  When read in conjunction with paragraph three of their Complaint expressly stating that "there is no issue as to the discharge raised in this Complaint," it is clear Plaintiffs want a determination on federal taxes.  This is precisely the kind of declaratory relief the DJA prohibits.  By disclaiming any relation to the bankruptcy discharge, Plaintiffs Complaint asserts no basis for this Court to exercise jurisdiction over their claims.  "Absent the application of an exception to the statutory prohibition, the Declaratory Judgment Act plainly bars the district court from declaring that [plaintiffs] owe no additional federal taxes."
*Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1166 (10th Cir. 2001).
 Therefore, the Court holds it lacks jurisdiction to determine Plaintiffs' federal tax liability.

Even were the Court to construe Plaintiffs' Complaint to enter a declaratory judgment holding Plaintiffs' tax obligations discharged in bankruptcy, the Complaint fails to allege sufficient facts supporting such a claim.  Although plainly contradicted by the paragraph 3 of the Complaint and in its Prayer for Relief, the Complaint at Count One does state "Plaintiffs seek a declaratory judgment confirming the discharge order of the Bankruptcy Court, especially as it relates to the Kergers' taxes at issue."  It continues "alternatively, it is the position of the Plaintiffs that the conduct of Defendant's agents, subsequent to the bankruptcy

discharge, was grossly negligent, if not willfully so, that the doctrine of equitable estoppel should prevent Defendant from collecting against the Plaintiffs for any of the tax obligations at issue." However, the Complaint is entirely devoid of facts concerning the nature of the taxes owed, the years owed and when the taxes were assessed. It fails to state how much is owed and seeks a broad declaration that no back taxes are owed.

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such

6

amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Without some basic factual information on the nature of the tax liabilities, the years at issue, the amounts in contention and additional information on whether the debts were listed as such in the Bankruptcy case such that the Bankruptcy Court considered the tax debts when it entered its discharge order, Plaintiffs' Complaint fails to allege sufficient facts rendering its claim plausible. Therefore, even if this Court were to determine it had jurisction, the Complaint fails to state a claim upon which relief may be granted.

Therefore, for the foregoing reasons, the Court dismisses Plaintiffs' Complaint. However, the Court's dismissal is without prejudice and subject to refiling a Complaint properly supported with facts over which this Court may exercise subject matter jurisdiction.[1]

IT IS SO ORDERED.

---

[1] Plaintiffs are also cautioned that under 28 U.S.C. § 157(b)(2)(I), complaints seeking debt discharge determinations are core proceedings subject to bankruptcy court referral. See *In re Swain*, 437 B.R. 549, 555 (Bankr. E.D. Mich. 2010) "[c]ore proceedings include, but are not limited to—... (I) determinations as to the dischargeability of particular debts." Thus, any future attempts to plead around bankruptcy court referral may indeed be fruitless.

                                                   s/ Christopher A. Boyko  
                                                   CHRISTOPHER A. BOYKO  
                                                 United States District Judge

Dated:  March 9, 2017